HARMON S. PALMER HOLLOW CONCRETE BLDG. BLOCK CO.
v. PALMER.

(Circuit Court, E. D. New York. April 26, 1906.)

1. PATENTS—INFRINGEMENT—MACHINE FOR MOLDING BUILDING BLOCKS.
The Palmer patent, No. 375,377, for a machine for molding building blocks, construed, and held not infringed.

2. SAME.
The Palmer patent, No. 623,686, for a machine for molding building blocks, construed, and held infringed as to claims 6 and 7, and not infringed as to claims 8 and 14.

In Equity. On final hearing.

Dickerson, Brown, Raegener & Binney (H. P. Doolittle and R. A. Parker, of counsel), for complainant.

Briesen & Knauth (Arthur v. Briesen and Hans v. Briesen, of counsel), for defendant.

THOMAS, District Judge. The bill is filed to restrain infringement of letters patent No. 375,377, dated December 27, 1887, and No. 623,-686, dated April 25, 1899, for machine for molding building blocks. The claim of the first patent is as follows:

"The improved brick-mold herein described and shown, comprising the table or frame having the opening, B, in its top, the removable bottom plate resting on the table-top and provided with the central opening, E, corresponding to the opening, B, the vertically-moving core-block E, moving through said openings, B and E', the side and end plates hinged to the table-top, and means for holding said plates in an upright position, substantially as specified."

The patent expired after the bill was filed. The claim calls for a table with an "opening, B, in its top, the removable bottom plate resting on the table-top and provided with the central opening, E, corresponding to the opening B, the vertically-moving core-block, E, moving through said openings, B and E'."

The specification states:

"E represents a core-block adapted to move vertically in the opening, B. The base of this core-block exactly fits in the said opening; but the sides and ends of the core-block are slightly inclined, as shown, and thereby the upper end of the core-block is slightly smaller than the base thereof, the core-block being thus rendered substantially wedge-shaped. * * * I represents a removable bottom plate, which is provided with a central opening, E', corresponding in size and shape with the opening, B."

The table-top of the defendant's machine has an opening as large as the entire mold-box, and hence the correspondence between the opening in the table and in the removable plate is entirely absent. The patentee wished to so limit his patent, and there is no good reason shown for broadening the claim and eliminating this very exact correspondence of parts. This claim also provides for "side and end plates hinged to the table-top, and means for holding said plates in an upright position, substantially as specified." The language of the claim accords with the specific language of the description. This arrangement is entirely absent in defendant's machine. The side plates slide horizontally outwards, and the means for fastening them when in position have no resemblance to anything suggested by the patent. In fact, the defendant's arrangement is as different as it is superior, as regards the means for removing the block. There is no infringement.

Patent No. 623,686 has several claims, of which those alleged to be infringed are 6, 7, 8, and 14. They are as follows:

"(6) In a machine for forming building-blocks, the combination with a mold having removable sides and ends, and a removable bottom plate, of two or more cores, and an intermediate parting or division core, and a transverse division-plate, substantially as specified.

"(7) The combination with a mold having movable sides and ends, two or more reciprocating tapering cores, an intermediate parting or division core, the ends of the mold being provided with core-blocks, and a transverse division-plate, substantially as specified.

"(8) In a machine for molding concrete building-blocks, the combination of a mold, a core-carrying cross-head, cores carried by the cross-head, racks on said cross-head, shafts, H2, H3, gears connecting said shafts, and gears on one of said shafts meshing with said racks, crank, P, racks at both ends of the machine, and gears meshing with said racks, substantially as specified."

"(14) In a machine for molding hollow concrete building-blocks, the combination with the bed-plate, a movable bottom plate and the mold having hinged sides, of a movable core and removable face-plates, all substantially as specified."

Claim 7 is unlike claim 6, in that it does not provide for a removable bottom plate, and does require that "the ends of the mold" be "provided with core-blocks." A more important matter of alleged difference will be later considered. Claim 8 differs from claims 6 and 7 in the detailed statement of machinery for operating the machine. Claim 11 is said to have its patentable novelty in its provision for "removable face plates."

The defendant's machine shows in combination a mold having sides and ends that can be moved away from the block and back into position, a bottom plate that is detachable, whereon the block is carried away from the machine, two or more cores, an intermediate parting or division core, and a transverse division plate. This brings the defendant's mold within claim 6, unless the words "removable sides and ends" mean molding plates placed within the sides and ends, not only detachable in fact, but intended to be so detached as occasion may require.

It is thought that in the specifications and claims, except in claim 6, the word "movable," rather than "removable," is used in connection with the side and end plates, and usually the word "removable" is used in connection with the detachable bottom plate, although claim 14

provides for a "movable bottom plate." This seems to require that the word "removable" in claim 6 should be given the meaning "detachable." The sides and ends of the defendant's structure are detachable. Therefore it technically falls within claim 6, and infringes the same by the use of the transverse division plate. For the same reason claim 7 is infringed.

Claim 7 provides for "a mold having movable sides and ends, two or more reciprocating tapering cores, an intermediate parting or division core, the ends of the mold being provided with core-blocks, and a transverse division plate, substantially as specified." Now, it is claimed that all the parts of this combination are old, but attention is not called to any former device where there was a transverse division plate through a core-block. It is unnecessary to take up in detail the defendant's references in this regard. In no one of them does the division plate traverse the core-block. So the only question is whether this combination shows invention. It has an evident value; and, as patents are interpreted, it is deemed to show invention to a degree entitling it to patentability and protection.

Claim 8 provides for specific mechanism for operating the mold. It combines the use of well-known and ordinary parts, adjusted for the particular office of moving up and down the core-blocks. Among other things, provision is made for "racks at both ends of the machine, and gears meshing with said racks." Indeed, in the specification, page 1, line 75, it is said:

"I connect the cross-head carrying said core at each end to vertically-moving operating devices or racks, so that the force exerted upon the core to withdraw it can produce no tilting or binding action of the core in the block from which it is to be withdrawn."

In the defendant's machine the racks are placed near the middle of the machine, and in view of the prior art, notably Allen, No. 162,515, and Pierce, Reissue No. 3,413, the complainant's claim should be limited to the exact mechanism whereby the racks are separated and carried at the ends of the machine.

Claim 14 has no patentable feature unless it be the removable face plates. Here again is a distinct use of the words "movable" and "removable." The bottom plate is described as "movable." It is also detachable. The core is described as a "movable core." In fact, it is not detachable, but reciprocates vertically. The face plates are described as "removable face plates." That is, the word "movable" is used for both a part that may be taken out, and for a part that cannot, and is not intended to be taken out, to wit, the core; and then the word "removable" is used in connection with face plates—and the question is, in which class does it fall? Even the defendant's expert showed vacillation as to what the words "removable face plates" refer. In one place he states that they are "clearly and unmistakably the face plates, d², of the patent and not the face plates, N." Later he states it is his opinion that:

"The removable face plates referred to in claim 14 are not the face plates d² referred to in the patent."

And, when asked to designate in the drawings of the patent the face plates referred to in claim 14, he said:

"I do not find in the patent any designation by letter of reference of what I have construed as the removable face plates. The only face plates designated as such which can give character or design to the block which are designated by letters of reference being the movable face plates, N, and the removable face plates, d, these latter having the core-block, d⁴, formed thereon. This is, of course, a removable face plate."

On page 3 the specification states:

"The movable side plates, D, and end plates, D', are each preferably provided with a removable or detachable face plate, d², secured thereto by screws, d³, so that it can be readily removed and replaced by others when it is desired to give a different design or configuration to any of the sides or ends of the block. The end plates, D', D', or the removable or detachable face plates, d², d², secured thereto, are provided with tapering polygonal-shaped cores, d⁴, d⁴, corresponding each to one-half of the parting core, C', for the purpose of forming the vertical recess or cavity in the end of the block, as will be readily understood from Fig. 1 of the drawings."

These are the plates to which reference is had in claim 14. The defendant does not use such face plates. He uses side and end plates, with or without core-blocks, replacing one plate by another as the nature of the work requires. There is nothing new in such plates as defendant uses. In Derrom, No. 139,050, the claim is for "the face piece, a, and false bottom, b, combined with the hinged sides, constructed as shown and specified, for the purpose described." A shows a mold, one of the sides of which, a, may be moved away from the block, although the side, a, is hinged to the bottom of the mold. Provision is not made for removing a, and for the substitution of another side, but that is a mere matter of screws and a screw driver. The same operation is necessary in claim 14. The use of face plates is illustrated in patent to Wise, No. 86,961; Lowry, No. 80,358; Downie, No. 444,628. Obviously the defendant does what was done prior to complainant's invention.

The complainant should have a decree enjoining the use of the transverse division plate, pursuant to claims 6 and 7. As to the first patent, and claims 8 and 14 of the second patent, the bill will be dismissed.